Eastern District of Kentucky
FILED
APR 1 2 2006
AT LONDON
LESLIE G WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-320-GWU

FLORA SUE GROSS,                                                   PLAINTIFF,

VS.            **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Gross

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Gross

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Gross

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Flora Sue Gross, was found by an Administrative Law Judge (ALJ) to have a "severe" combination of impairments consisting of discogenic and degenerative disorders of the back and complaints of depression. (Tr. 14). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mrs. Gross retained the residual functional capacity to perform her past relevant work as a fast food cashier and fast food assistant manager and, therefore, was not entitled to benefits. (Tr. 16-19). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age of 47 years, high school equivalency education, and work experience, could perform any jobs if she were capable of "medium" level exertion, could occasionally crawl or climb ladders, ropes, or scaffolds, and could no more than frequently stoop. (Tr. 297). The VE responded that a person with those

7

restrictions could perform both of the plaintiff's past jobs as a fast food cashier and assistant manager. (Id.). In the alternative, the VE identified other jobs that could be performed, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 298).

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence.

The plaintiff alleged disability due to back pain (Tr. 79), and also noted at the administrative hearing that she was being treated by a psychiatrist, Dr. S. Raza, for depression and anxiety attacks. (Tr. 294-5). Dr. Raza had prescribed medications which had helped somewhat, but still made her feel groggy. (Tr. 295).

Although records from the plaintiff's treating family physician, Dr. Jose Echeverria, show that she was seen for complaints of back pain on numerous occasions, and prescribed medications, virtually the only positive findings were tenderness on palpation of the lumbosacral spine. An x-ray of the lumbosacral spine in September, 2002 was normal, and a CT scan at the same time showed no herniations or spinal stenosis. (Tr. 150, 152). Dr. Echeverria prescribed physical therapy in December, 2002, and advised Mrs. Gross to continue to work. (Tr. 145). Although Mrs. Gross stated that she last worked on January 6, 2002 because she could not continue to stand all day with her back pain (Tr. 278), work restrictions were indicated in Dr. Echeverria's notes, although he prescribed pain medication (Tr.

8

141-2). Further testing in the summer of 2003 included another normal lumbosacral spine x-ray and normal bilateral x-rays of the hips. (Tr. 268). Dr. Echeverria continued to find no focal neurological abnormalities. He obtained an MRI of the lumbosacral spine in August, 2003, which was reported as completely normal. (Tr. 267). As Mrs. Gross continued to complain of pain, the physician referred her to a chiropractor in April, 2004 and advised her to return as needed. (Tr. 258). No functional restrictions are given.

State agency physicians who reviewed a portion of the records provide the only specific functional restrictions, and the ALJ followed the limitations in their reports in framing his hypothetical question. (Tr. 206-23).

The plaintiff's only argument on appeal is that she has shown objective medical evidence of a condition which could reasonably be expected to cause pain or other symptoms of disabling severity. This objective evidence has not been specified, and none is apparent to a lay reviewer. The plaintiff simply failed to carry her burden of showing greater restrictions than found by the ALJ.

The plaintiff's psychological problems were treated by Dr. Raza and a counselor at the Comprehensive Care Center. She initially described feelings of aggravation and being easily upset, along with poor sleep, and difficulty dealing with people. (Tr. 173). However, Dr. Raza described her mood as being euthymic, her affect was congruent, her thought processes were logical, she was alert and

oriented, and her insight and judgment were fair. (Tr. 173-4). He diagnosed a mood disorder due to medical condition and an anxiety disorder, and assigned a Global Assessment of Functioning score (GAF) of 55. (Tr. 174). A GAF score in this range reflects moderate symptoms. Diagnostic and Statistical Manual of Mental Disorders (Fourth Edition-Text Revision), p. 34.[1]

The ALJ summarized the plaintiff's subsequent treatment by Dr. Raza as indicating that Mrs. Gross was started on psychotropic medications that were altered from time to time "but, in sum, the evidence shows that the claimant has responded adequately to treatment" and that by March, 2004, Mrs. Gross stated that she was all right except for her pain, which put her in a bad mood. (Tr. 15). Although a further reading of the CCC office notes from this time period indicates that Mrs. Gross was also complaining of becoming more and more short-tempered (Tr. 245), and mentioning medication side effects to her counselor (Tr. 245, 248), at the same time she was reportedly telling Dr. Raza that she was having no problem with her medications (Tr. 246). She did make the statement that she was all right except for her pain at the most recent counselor visit. (Tr. 244). Since the plaintiff has raised no issue regarding mental restrictions or the GAF score, and no medical source

---

[1]A state agency psychologist reviewed the record at this point and concluded that the plaintiff did not have a "severe" impairment. (Tr. 225-39).

10

Gross

placed any restrictions as a result of medication side effects, substantial evidence exists to support the ALJ's determination.

The decision will be affirmed.

This the _____ day of April, 2006.

G. WIX UNTHANK
SENIOR JUDGE

11